THOMAS O. METZ, APPELLANT, v. ISIDOR SCHMEIDLER, RESPONDENT.

Argued February 4, 1926.—Decided May 17, 1926.

Where a party attempts to rescind a contract for the purchase of certain shares of a corporation, and sues to recover back what he paid upon it, alleging that he was induced to enter into the contract through a fraudulent misrepresentation as to the amount and value of the assets of the corporation, then, in order to recover he must produce evidence tending to show the falsity of such representation, and in the absence of such evidence he will be nonsuited.

On appeal from the Atlantic County Circuit Court.

For the appellant, *Cole & Cole.*

For the respondent, *Thompson & Hanstein.*

The opinion of the court was delivered by

TRENCHARD, J.  The plaintiff below purchased of the defendant certain shares of stock of the Coast Automobile Company, a corporation.  Seven months later he notified defendant that he rescinded the contract for the sale of the stock and demanded a return of the money paid.  That demand being refused he brought this suit, alleging that he was induced to purchase the stock by reason of a false statement made by the defendant.

The trial judge nonsuited the plaintiff upon the ground that there was no evidence of the falsity of the defendant's statement or representation, and we think that was right.

The complaint averred that the assets of the company were materially less than was represented by the defendant.

We fail to find any evidence to support that allegation.

The statement said to have been presented by the defendant for the consideration of the plaintiff at the time of the sale, June 17th, 1922, was as to the financial condition of

the corporation on June 12th, 1922. That statement showed under the head of "Inventory" several items aggregating $12,544.68. At the trial the plaintiff did not testify, nor was there any evidence tending to show that the various items so scheduled were not in the ownership and possession of the company at its plant at the time of the sale. He did not testify, nor was there any evidence tending to show, that the various items were not worth the respective values placed upon them in the statement exhibited to the plaintiff. When asked at the trial what he complained about he replied: "Because the other statement said it was not there." He further testified that the "other statement" that he referred to was *Exhibit P-6,* a statement made up by an auditor employed by the company as to the condition of the company as of June 12th, 1922, as disclosed by the books. This statement showed "Inventory, $9,136.97," without disclosing how it was made up or what items it included. It does not show, nor tend to show, that the assets in question were "not there." On the contrary, when considered as a whole, we think it shows conclusively that the various items specified as making up the inventory in the statement exhibited to the plaintiff were included in the auditor's book statement in other designated assets under which heads it would seem to appear they were carried on the books of the company. The auditor's book statement further shows that both the assets and the "net worth" of the company were slightly in excess of the assets and "net worth" as represented in the statement upon which the plaintiff asserts he acted, which purports to be the actual valuation of the assets. After thus acquiring a one-half interest in the corporation, plaintiff took part in the active management and control of its business and assets, including, it seems, all the property (or its proceeds) described under the head of "Inventory" in the statement exhibited to him. He made no complaint whatsoever for seven months, and not until the corporation had lost an important agency and its assets had been destroyed by fire. He then discovered the so-called auditor's book statement and relies upon that alone, without any other evidence whatsover, to

establish the falsity of the representation upon which he purchased. That statement, as we have shown, had no such tendency.

Where, as here, a party attempts to rescind a contract for the purchase of certain shares of a corporation, and sues to recover back what he paid upon it, alleging that he was induced to enter into the contract through a fraudulent misrepresentation as to the amount and value of the assets of the corporataion, then, in order to recover, he must produce evidence tending to show the falsity of such representations, and, in the absence of such evidence, he will be nonsuited. *Byard* v. *Holmes,* 33 *N. J. L.* 119; *Shreve* v. *Crosby,* 72 *Id.* 491; *Roberts* v. *James,* 83 *Id.* 492; *Lams* v. *Fish,* 86 *Id.* 321; *Bingham* v. *Fish,* 89 *Id.* 688. Tested by that rule the nonsuit was proper.

The judgment below will be affirmed, with costs.

*For affirmance*—TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.